UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| Finisar Corporation, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>The DIRECTV Group, Inc., a Delaware Corporation; DIRECTV Holdings, LLC, a Delaware Limited Liability Company; DIRECTV Enterprises, LLC, a Delaware Limited Liability Company; DIRECTV Operations, LLC, a California Limited Liability Company; DIRECTV, Inc., a California Corporation; and Hughes Network Systems, Inc., a Delaware Corporation,<br><br>Defendants. | Cause No. 1:05-cv-0264<br><br>Judge Ron Clark<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF FINISAR CORPORATION'S MOTION AND MEMORANDUM TO STRIKE 139 PRIOR ART REFERENCES SUBMITTED BY THE DIRECTV GROUP, ET AL., FOR FAILURE TO COMPLY WITH PATENT RULE 3-3**

Plaintiff Finisar Corporation ("Finisar") hereby submits its Motion and Memorandum to Strike 139 Prior Art References submitted by The DIRECTV Group, Inc. *et al.*, ("DIRECTV") For Failure to Comply With Patent Rule 3-3. A proposed order is also filed herewith.

## I. INTRODUCTION

DIRECTV filed their Preliminary Invalidity Contentions on August 15, 2005. Upon reviewing these contentions, Finisar noted that the vast majority of the references listed by DIRECTV failed to comply with P.R. 3-3. [Declaration of Mark W. Ford in Support of Motion

and Memorandum to Strike 139 Prior Art References submitted by The DIRECTV Group, Inc. *et al.*, For Failure to Comply With Patent Rule 3-3 ("Ford Decl."), ¶ 3.[1].] Finisar requested that DIRECTV either bring these references into compliance with the Patent Rules, or withdraw the offending references. [Ford Decl., Ex. 1] To this end, DIRECTV filed their Revised Patent Rule 3-3 Invalidity Contentions ("DIRECTV's Revised Contentions") on November 21, 2005. [Ford Decl., Ex. 2.] In their Revised Contentions, DIRECTV cited 179 prior art references. [*Id.*] For 139 of DIRECTV's 179 references, DIRECTV again failed to provide the detail required by P.R. 3-3 or 3-4. Finisar again brought this to DIRECTV's attention and again asked DIRECTV to amend or withdraw the offending references. [Ford Decl., Ex. 3.] Finisar and DIRECTV also participated in a meet and confer in which DIRECTV's insufficient disclosures were discussed. [Ford Decl., ¶ 7.] DIRECTV insisted that their Revised Contentions were adequate and proper and declined to make any additional amendments. [Ford Decl., Ex. 4.] As such, Finisar asks this Court to strike the non-compliant references.

**II. UNDISPUTED MATERIAL FACTS**

1. DIRECTV filed its Preliminary Invalidity Contentions on August 15, 2005. Finisar noted that the majority of the references cited by DIRECTV did not comply with P.R. 3-3, and asked DIRECTV to amend or withdraw the offending references. [Ford Decl., Ex. 1] As a result, DIRECTV filed their Revised Contentions on November 21, 2005. [Ford Decl., Ex. 2.].

2. Attached to DIRECTV's Revised Contentions were Exhibits A and B. Exhibit A contains a chart of 46 prior art references. Exhibit B contains a list of 179 references. [*Id.*]

[1] Unless stated otherwise, all Exhibits or Ex. are attached to the Ford Declaration filed concurrently.

3. For 139 of DIRECTV's 179 references cited in Exhibit B, DIRECTV failed to provide the detail required by P.R. 3-3 or 3-4. For example, the 133 references listed in Exhibit B to DIRECTV's Revised Contentions are not listed on a chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, as required by P.R. 3-3(c). Also, there is no statement as to whether these 133 references anticipate the asserted claims or render them obvious, as required by P.R. 3-3(b). [Ford Decl., Ex. 2.]

4. Finisar brought this to DIRECTV's attention and asked DIRECTV to amend or withdraw the offending references. [Ford Decl., Ex. 3.]

5. Finisar and DIRECTV also participated in a meet and confer in which DIRECTV's insufficient disclosures were discussed. [Ford Decl., ¶ 7.]

6. DIRECTV insisted that their Revised Contentions were adequate and proper and declined to make any additional amendments. [Ford Decl., Ex. 4.]

## III. ISSUES PRESENTED

1. Whether this Court should strike the 133 references listed in Exhibit B to DIRECTV's Revised Contentions for failure to comply with P.R. (b) and (c).

2. Whether this Court should strike the 4 "system" references listed in Exhibit B to DIRECTV's Revised Contentions for failure to comply with P.R. 3-3(a), (b) and (c).

3. Whether this Court should strike the 2 additional "system" references found in DIRECTV's Revised Contentions for failure to comply with P.R. (b) and (c).

## IV. ARGUMENT

Attached to DIRECTV's Revised Contentions are two exhibits. Exhibit A contains a list of 46 prior art references which "disclose the identity of each item of prior art that allegedly

anticipates each asserted claim or renders it obvious." [Ford Decl., Ex. 2, DIRECTV's Revised Contentions, at 3.] Exhibit B contains a list of 179 references that "represent the state of the art in the transmission-of-data field."[2] [*Id.*] The 46 references disclosed in Exhibit A are present on the list of references cited in Exhibit B, leaving 133 references that are cited only in Exhibit B. [Ford Decl., ¶ 9.]

### A. The 133 References Not Listed on DIRECTV's Exhibit A Chart Should Be Stricken

The 133 references of listed only in Exhibit B [Ford Decl., Ex. 5] do not conform to the Patent Rules. For these 133 references, there is no chart "identifying where specifically in each alleged item of prior art each element of each asserted claim is found." P.R. 3-3(b). Further, there is no indication for any of the 133 references "whether each item of prior art anticipates each asserted claim or renders it obvious." P.R. 3-3(b). Despite ignoring these important provisions of Patent Rule 3-3, DIRECTV states that it "reserves the right to rely on any of the references cited in Exhibits A and B." [Ford Decl., Ex. 2, at 3.] Finisar has repeatedly asked DIRECTV to provide the chart required by Patent Rule 3-3(c), but DIRECTV has not done so. [Ford Decl., ¶ 7, Exs. 3 and 4.] As such, Finisar has been unable to fully analyze DIRECTV's invalidity contentions regarding these 133 references. DIRECTV should not be allowed to disregard their responsibilities under the Patent Rules and then surprise Finisar with previously undisclosed invalidity arguments. Therefore, Finisar asks the Court to strike these 133 prior art references for failure to comply with the Patent Rules and preclude DIRECTV from relying on these references as part of their invalidity defense.

[2] Exhibit B to DIRECTV's Preliminary Invalidity Contentions contains a list of patent numbers and named inventors, publications and authors, and a systems and owners/operators. [Ford Decl., Ex. 2, DIRECTV's Revised Contentions, Ex. B.]

**B. DIRECTV's "System" References Should Also Be Stricken**

In Exhibit B to DIRECTV's Revised Contentions, DIRECTV cites to four "systems" as invalidating references under 35 U.S.C. § 102(b), presumably because they were in public use or on sale: (1) the Coral-Line Bookmakers' System (April 23, 1987), (2) the SuperGuide System (1985), (3) the DIRECTV Direct Broadcast System (June 1990), and (4) the Cable Data System (November 1984). [Ford Decl., Ex. 2, DIRECTV's Revised Contentions, Ex. B.] While it appears that DIRECTV has attempted to cure the defects in their disclosure of these references by including a footnote for each, these footnotes do not resolve the fundamental flaw each reference has in relation to the Patent Rules. [3] [*See* Ford Decl., Ex. 2, DIRECTV's Revised Contentions, Exhibit A at 1.]

No information was provided "specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identify of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known." P.R. 3-3(a). Also absent is an identification of whether each alleged prior art system "anticipates each asserted claim or renders obvious" (including the motivation to combine) required by P.R. 3-3(b). Similarly, DIRECTV provided no chart identifying "where specifically in each alleged item or prior art each element of each asserted claim is found." P.R. 3-3(c). Absent such specificity,

[3] The footnote for the SuperGuide System reference states: "DIRECTV cites the SuperGuide system as an invalidating system under 35 U.S.C. § 102(b), based on information and belief about the SuperGuide system and the inventions disclosed in U.S. Pat. Nos. 5,038,211, 5,293,357, and 4,751,578." The footnote for the Cable Data System reference states: "DIRECTV cites the Cable Data system as an invalidating system under 35 U.S.C. § 102(b) based on the disclosures contained in DTV-PA 002379 – DTV-PA 002446 and DTV-PA 002266 – DTV-PA 002277." The footnote for the Coral-System merely states: "DIRECTV cites the Coral Line Bookmakers' system as an invalidating system under 35 U.S.C. § 102(b) based on information and belief." The footnote for the DIRECTV Direct Broadcast System states: "To the extent that Finisar asserts that the scope of the '505 patent claims is broad enough to cover more than the program guide in the DIRECTV System, DIRECTV cites the DIRECTV Direct Broadcast System and its predecessor Sky Cable as references under 35 U.S.C. § 102(b)."

Finisar is again left to guess how DIRECTV asserts that these references disclose any elements of the asserted claims of the '505 patent.

DIRECTV states their intention to take discovery and rely on two additional systems under 35 U.S.C. § 102(b) that are not even listed in Exhibit B. [Ford Decl., Ex. 2, at 3.] The first of these two systems is described as "a digital television system introduced to the public in 1989-1990 by General Instruments in San Diego, California." [*Id.*] The second is described as "a direct broadcast system introduced to the public in 1989-1990 by British Sky Broadcasting Group." [*Id.*] No other information is given regarding these two systems. No documentation has been produced that describes these systems. [Ford Decl., ¶ 11.] Indeed, Finisar is not aware of any discovery undertaken by DIRECTV about these alleged systems. [*Id.*, at ¶ 12.] Finisar has no means to divine how exactly these references are alleged to invalidate the claims of the '505 patent.

All of the "systems" identified as invalidating by DIRECTV should be stricken, and DIRECTV should be precluded from relying on these system references as part of their invalidity defense pursuant to FED.R.CIV.PROC. 37(c)(1).

## V. CONCLUSION

Because the 139 references discussed above all fail to comply with the Patent Rules, Finisar respectfully requests that this Court strike these prior art references, and preclude DIRECTV from relying on these 139 prior art references as part of their defense that the '505 patent is invalid.

///

///

DATED this 3rdday of March, 2006.

         **GERMER GERTZ, L.L.P.**

         550 Fannin, Suite 500
         Beaumont, Texas 77701
         (409) 654-6700 - Telephone
         (409) 838-4050 – Telecopier

           Lawrence Louis Germer
           Attorney in Charge
           State Bar No. 07824000
           e-mail: llgermer@germer.com

           H. Craig Hall
           State Bar No. 24012768
           e-mail: hchall@germer.com

         **WORKMAN NYDEGGER**

         1000 Eagle Gate Tower
         60 East South Temple
         Salt Lake City, Utah 84111
         (801) 533-9800 - Telephone
         (801) 321-1707 - Facsimile

         By:  /s/ Kirk R. Harris
          Larry R. Laycock (Utah Bar No. A4868)
          e-mail: llaycock@ wnlaw.com
          David R. Wright (Utah Bar No. A5164)
          e-mail: dwright@wnlaw.com
          Charles L. Roberts (Utah Bar No. 5137)
          e-mail: croberts@wnlaw.com
          Eric Maschoff (Utah Bar No. A6608)
          e-mail: emaschoff@wnlaw.com
          C.J. Veverka (Utah Bar No. A7110)
          e-mail: cveverka@wnlaw.com
          Kirk R. Harris (Utah Bar No. 10221)
          e-mail: kharris@wnlaw.com
         Attorneys for Plaintiff FINISAR CORPORATION

J:\163131\034 Motion to Strik 139 references - fnl.doc

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing **PLAINTIFF FINISAR CORPORATION'S MOTION AND MEMORANDUM TO STRIKE 139 PRIOR ART REFERENCES SUBMITTED BY THE DIRECTV GROUP, ET AL., FOR FAILURE TO COMPLY WITH PATENT RULE 3-3** was served upon defendants on March 3, 2006, by delivering a true copy thereof to their attorneys of record as follows:

Via Email

    **HEARTFIELD & McGINNIS, LLP**
    J. Thad Heartfield, Jr. (thad@heartfieldmcginnis.com)
    HEARTFIELD & MCGINNIS
    2195 Dowlen Road
    Beaumont, Texas  77706

    **JONES DAY**
    Marsha E. Mullin (memullin@jonesday.com)
    JONES DAY
    555 West Fifth Street, Suite 4600
    Los Angeles, CA 90013-1025

    Michael J. Newton, Esq. (mnewton@jonesday.com)
    Jones Day
    2727 North Harwood Street
    Dallas, Texas  75201-1515

                                /s/ Kirk R. Harris

**CERTIFICATE OF CONFERENCE**

As more fully explained in the attached Declaration the parties have conferred in a good faith effort to resolve this matter without court intervention. This motion is opposed.