UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| FINISAR CORPORATION,   )<br>  )<br>    Plaintiff,   )<br>  )<br>    v.   )<br>  )<br>THE DIRECTV GROUP, INC.; DIRECTV   )<br>HOLDINGS, LLC; DIRECTV   )<br>ENTERPRISES, LLC; DIRECTV   )<br>OPERATIONS, LLC; DIRECTV, INC.; and   )<br>HUGHES NETWORK SYSTEMS, INC.,   )<br>  )<br>    Defendants   ) | Civil Action No. 1:05-CV-0264<br><br>JUDGE RON CLARK |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF CLAIMS 1, 2, 7, 9-11, AND 37 OF THE '505 PATENT**

**ARGUMENT**

In its February 17, 2006, Memorandum Opinion and Order Construing Claim Terms of United States Patent No. 5,404,505 (Docket No. 57), the Court concluded that the claim term "Database editing means . . . for generating . . . and for editing . . .", as used in claims 1 and 37, "is indefinite because no structure is disclosed for performing the recited function." (February 17 Order at 8-10.)  To be valid, patent claims must be definite, 35 U.S.C. § 112, ¶ 2. The relevant pages of the Order are attached as Exhibit A.

In their answer (Docket No. 14), defendants have denied infringement based on patent invalidity (¶ 87) and interposed a counterclaim for declaratory relief of invalidity (¶¶ 95-100). The relevant pages of the answer and counterclaim are attached as Exhibit B.  Because a court's determination of claim indefiniteness is a legal conclusion, *Personalized Media Communications, LLC v. Int'l Trade Comm'n,* 161 F.3d 696, 705 (Fed. Cir. 1998), defendants are

1

entitled, in the language of Federal Rule of Civil Procedure 56(c), to have judgment of invalidity entered "forthwith".[1]

The February 17 Order's determination of indefiniteness related to a claim limitation included, in nearly identical words, as part of claims 1 and 37 of the '505 patent.[2] Plaintiff has asserted infringement of five other claims (2, 7, and 9-11) of the '505 patent that depend directly or indirectly from claim 1. Under the Patent Code, "a claim in dependent form shall be construed to incorporate by reference all the limitations of the claim to which it refers." 35 U.S.C. § 112, ¶ 4. Thus, where a particular claim limitation fails to comply with requirements of section 112—for example, where the limitation is indefinite, such as here—each claim incorporating the defective limitation, either explicitly or by reference, is also invalid.[3] As noted in *Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc.,* 296 F.3d 1106, 1114 (Fed. Cir. 2002), the indefiniteness of a claim limitation "renders the claim, and the claims that depend from it, invalid for indefiniteness." *See also Datamize, LLC v. Plumtree Software, Inc.,* 417 F.3d 1342, 1347, 1356 (Fed. Cir. 2005) (holding that because the sole independent claim of the patent at issue was indefinite, all the dependent claims were indefinite as well.).

---

[1] In particular, when a court determines that a claim term is indefinite in the course of claim construction, it is appropriate to grant a subsequently filed motion for summary judgment of invalidity of the affected claims. *Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc.,* 296 F.3d 1106, 1112, 1119 (Fed. Cir. 2002) (joint motion of the parties).

[2] The only difference is that claim 1 specifies that the indices that are generated and embedded must be "hierarchically arranged" while claim 37 does not. Because the arrangement of the indices is irrelevant to the rationale for indefiniteness, the February 17 Order appropriately analyzed claims 1 and 37 together.

[3] Notably, each of claims 2, 7, and 9-11 incorporates the "database editing means" limitation without offering any explanation of what is the structure of the "database editing means."

## STATEMENT OF MATERIAL FACTS

In compliance with Local Rule CV-56(a), defendants provide the following Statement of Material Facts:

1. The complaint in this action asserts that defendants have infringed and are infringing U.S. Patent No. 5,404,505 (the "'505 patent"). *Evidence:* Complaint for Patent Infringement ¶ 80, filed April 4, 2005 (Docket No. 1). The relevant pages of the complaint are attached as Exhibit C.

2. In their answer, defendants have denied infringement based on patent invalidity and interposed a counterclaim for declaratory relief of invalidity. *Evidence:* Answer and Counterclaims of Defendants to Plaintiff's Complaint for Patent Infringement ¶¶ 87, 95-100, filed May 13, 2005 (Docket No. 14). See Exhibit B.

3. The '505 patent, including its specification, drawings, and claims, is as it appears in the copy attached as Exhibit A to the complaint in this action. *Evidence:* Alleged by complaint in ¶ 29; admitted by defendants for purposes of this motion. See Exhibit C.

## CONCLUSION

Defendants respectfully request that this Court enter summary judgment declaring claims 1, 2, 7, 9, 10, 11, and 37 of the '505 patent invalid due to indefiniteness.  Also, because those claims of the '505 patent are invalid, summary judgment should be entered rejecting Finisar's contentions that they are infringed.

DATED this 8th day of March 2006.

                                    Respectfully submitted,

By: _____/s/ J. Thad Heartfield_____
      J. Thad Heartfield
      State Bar No. 09346800
      **HEARTFIELD & McGINNIS, LLP**
      2196 Dowlen Road
      Beaumont, TX 77706
      Telephone:  (409) 866-3318
      Facsimile:   (409) 866-5789
      E-mail:  thad@heartfieldmcginnis.com

**JONES DAY**
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071
Telephone:  (213) 489-3939
Facsimile:  (213) 243-2539
Victor G. Savikas
California Bar No. 145658
vgsavikas@jonesday.com
Louis Touton
Texas Bar No. 20151150
lltouton@jonesday.com
Marsha E. Mullin (admitted *pro hac vice*)
memullin@jonesday.com

Attorneys for Defendants THE DIRECTV GROUP, INC.; DIRECTV HOLDINGS, LLC; DIRECTV ENTERPRISES, LLC; DIRECTV OPERATIONS, LLC; DIRECTV, INC.; and HUGHES NETWORK SYSTEMS, INC.

## **CERTIFICATE OF SERVICE**

     The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this pleading was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 8th day of March, 2006.

                                                                       ____/s/ J. Thad Heartfield_____
                                                                       J. Thad Heartfield