UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| Finisar Corporation, a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | Cause No. 1:05-cv-0264 |
| v. | ) ) | |
| The DIRECTV Group, Inc., a Delaware Corporation; DIRECTV Holdings, LLC, a Delaware Limited Liability Company; DIRECTV Enterprises, LLC, a Delaware Limited Liability Company; DIRECTV Operations, LLC, a California Limited Liability Company; DIRECTV, Inc., a California Corporation; and Hughes Network Systems, Inc., a Delaware Corporation, | ) ) ) ) ) ) ) ) ) ) ) ) | Judge Ron Clark<br><br>JURY TRIAL DEMANDED |
| Defendants. | ) ) ) | |

**PLAINTIFF FINISAR CORPORATION'S MOTION AND MEMORANDUM TO STRIKE PRIOR ART REFERENCES CONSIDERED AND RELIED UPON BY THE DIRECTV GROUP, ET AL. TECHNICAL EXPERTS, GARY S. TJADEN AND CHARLES J. NEUHAUSER, FOR FAILURE TO PRODUCE AND FAILURE TO COMPLY WITH PATENT RULE 3-3**

Plaintiff Finisar Corporation ("Finisar") hereby submits its Motion and Memorandum to Strike Prior Art References Considered and Relied Upon by The DIRECTV Group, Inc. *et al.*, ("DIRECTV") Technical Experts, Gary S. Tjaden and Charles J. Neuhauser, For Failure to Produce and Failure to Comply With Patent Rule 3-3. A proposed order is also filed herewith.

I.   INTRODUCTION

On March 3, 2006, Finisar moved the court to strike 139 of the 179 prior art references cited in DIRECTV's Invalidity Contentions, for failing to comply with P.R. 3-3 and 3-4.[1] On March 8, 2006, DIRECTV served upon Finisar the expert reports of Gary S. Tjaden and Charles J. Neuhauser. Both expert reports concern the validity of United States Patent No. 5,404,505 ("the '505 patent").

Dr. Tjaden considers 23 references in concluding that the '505 patent is invalid. Of those 23 references, DIRECTV has failed to comply with P.R. 3-3 with respect to 11 of them. Four of those 11 references have yet to be produced to Finisar.

Similarly, Dr. Neuhauser considers 60 references in his report in concluding that the '505 patent is invalid. No P.R. 3-3 disclosures have been provided for 47 of them. Eighteen of the 47 references were produced to Finisar only after Dr. Neuhauser's report was served or have not been produced at all. Fourteen of the references were produced only days before Dr. Neuhauser's report. None of the new references have ever been properly identified as prior art pursuant to the Local Patent Rules.

Through this motion, Finisar asks the court to strike these 58 references.

II.   UNDISPUTED MATERIAL FACTS

1.   DIRECTV served on Finisar the expert reports of Gary S. Tjaden and Charles J. Neuhauser on March 8, 2006. Finisar noted that many of the references cited by Mr. Tjaden and

---

[1] The present motion overlaps with Finisar's prior motion to strike in that some of the references complained of herein were also addressed in the prior motion. Presumably, however, the references to be relied upon by DIRECTV at trial are the ones identified in DIRECTV's expert reports; to the extent this is true, Finisar's present motion moots its prior motion.


Mr. Neuhauser did not comply with P.R. 3-3, and that some references had not been produced to Finisar at all.

2. Finisar identified the improper references to DIRECTV in correspondence on Friday March 10 and again in a telephone discussion with counsel to DIRECTV on Monday March 13 (see Attached letter to counsel for DIRECTV, attached as Ex. A), and requested that DIRECTV voluntarily strike those references from the expert reports. DIRECTV has declined that request.[2]

3. Attached hereto as exhibits B and C are tables listing the references considered and relied upon by Drs. Tjaden and Neuhauser, respectively. The tables identify whether the references were included in DIRECTV's invalidity contentions, whether the references have been produced, and if so, the date the reference was produced. The references with a grey background are those that Finisar asks the Court to strike.

### III. ISSUE PRESENTED

Whether this Court should strike the 58 references relied upon by Mr. Tjaden and Mr. Neuhauser for failure to comply with P.R. 3-3 (b) and (c), and in some cases, failure to produce the references at all.

### IV. ARGUMENT

#### A. DIRECTV's Preliminary Invalidity Contentions Should Be Deemed Its "Final Contentions"

Pursuant to this Court's Patent Rules, a party's "Preliminary Invalidity Contentions" are deemed to be that party's "Final Contentions" unless:

---

[2] Note dates of other attempts to seek supplementation (*see* exhibits 3 and 4 to Finisar's Motion and Memorandum to Strike 139 Prior Art References Submitted by The DIRECTV GROUP, et al., for Failure to Comply with Patent Rule 3-3).

> a party claiming patent infringement has served "Final Infringement Contentions" pursuant to P.R. 3-6(a), or the party opposing a claim of patent infringement believes in good faith that the Court's Claim Construction Ruling so requires.

P.R. 3-6(b)(1)-(2).

Finisar has not served any Final Infringement Contentions pursuant to P.R. 3-6(a). Similarly, there is nothing in the Court's Claim Construction that would create a "good faith" belief that the Court's Claim Construction Ruling requires service of any Final Infringement Contentions.

Final Invalidity Contentions may be appropriate if a court adopts a claim construction that varies widely from the proposals of both parties. In such a situation, a party may believe, in good faith, that additional prior art references are necessary in light of the court's unexpected claim construction. This is not true of the Court's Claim Construction in this case. The Court's Claim Construction ruling in this case does not deviate significantly from the arguments of the parties. The Court construed the majority of the terms at issue in this case in exact accordance with the proposal of either Finisar or DIRECV. The terms that were not construed exactly as proposed by one of the parties were construed by the Court in a way that can best be described as including portions of each party's proposed definition. Thus, while the court did depart somewhat from the definitions proposed by the parties, the departure was not so radical as to require DIRECTV's invalidity position to be based on two thirds new references. In summary, DIRECTV has known the substance of all claim constructions now adopted by the court *at least as early as 10/17/05, when the parties filed their Joint Claim Construction and Prehearing Statement Pursuant to P.R. 4-3*.

### 1.     All References Not Complying With P.R. 3-3 Should Be Stricken

Drs. Tjaden and Neuhauser's reports combined cite to 58 references that do not comply with P.R. 3-3. Thus, not until Finisar was served with the expert report did it have the benefit of DIRECTV's analysis of those references as they are applied to the asserted claims in this case and in many cases the identity of the art at all. One of the purposes of the Patent Rules is presumably to eliminate trial by ambush while permitting an orderly progression of the case on what is generally considered a fast track. In other words, the disclosure requirements are intended to provide the notice to the parties of their respective positions on critical issues to allow sufficient time to proceed in accordance with the court's schedule. It is indisputable that DIRECTV has known about the '505 patent at least since January of 2004. See letter to DIRECTV dated January 29, 2004 (Ex. D). DIRECTV has had plenty of time to conduct prior art searches. Nothing in the claim construction ruling could have had any material bearing on the scope of those searches. No reason exists why DIRECTV could not have complied with P.R. 3-3 for these references as required in the Patent Rules.

Finisar has only two weeks from the date of service of DIRECTV's expert reports to prepare its rebuttal reports. Because of DIRECTV's failure to comply with the rules, Finisar is left to review these references (many of which it is only now seeing for the first time), ascertain whether its experts are in a position to speak to them, possibly retain new experts, and address the arguments of DIRECTV's experts – all in only 14 days. DIRECTV's conduct has materially prejudiced Finisar's ability to prosecute this litigation and should not be condoned.

### 2. The Prejudice to Finisar is Enhanced With Respect to References Disclosed Late or Not at All

In addition to their failure to comply with P.R. 3-3, *<u>29 of the 58 references cited by Drs. Tjaden and Neuhauser were produced to Finisar after service (3/8) of the expert reports (Sunday night (3/12) or Monday (3/13)), or have not been produced at all</u>*.[3] These references should be stricken on this basis alone. It is inexplicable how references apparently relied upon by DIRECTV's experts could not be available for production at least concurrently with that expert's report if not weeks prior. How could DIRECTV's experts rely on them if they had no physical copy of them? In order for DIRECTV's experts to have relied on these references, they references must not only exist but must have been in the expert's possession well prior to March 8—the service date of the expert reports. DIRECTV's withholding of 29 prior art references (and other served late) relied on by its experts cannot be ignored. Allowing DIRECTV to continue to rely on these references severely prejudices Finisar.

Finisar's rebuttal reports are due on March 22nd. Without a copy of the references relied upon by DIRECTV experts, Finisar obviously cannot analyze the prior art, or prepare adequately its rebuttal report on these references. Allowing DIRECTV to not only skirt the Court's Local Rules, but ambush Finisar with unknown references, should not be allowed. These references should be stricken.

### B. Modifying The Scheduling Order To Provide Finisar More Time To Respond To These References Instead Of Granting Finisar's Motion To Strike Would Be Inappropriate

Significant legal fees are generated each day that this litigation continues. To prolong the litigation, especially for reasons over which Finisar has no control, simply increases the expense of

---

[3] Another 14 references were produced just days (3/2, 3/4 and 3/6) before expert reports were filed on 3/8.

this litigation while postponing DIRECTV's day of judgment. The proper response to DIRECTV's conduct is to strike the noncompliant references and maintain the integrity of the schedule ordered by the Court.

## V.    CONCLUSION

Because the 58 references discussed above and identified with grey backgrounds in exhibits B and C all fail to comply with the Patent Rules, Finisar respectfully requests that this Court strike these prior art references from DIRECTV's experts' reports, and preclude DIRECTV from relying on these 58 prior art references as part of their defense that the '505 patent is invalid.

///

///

DATED this 14th day of March, 2006.

                           **GERMER GERTZ, L.L.P.**

                           550 Fannin, Suite 500
                           Beaumont, Texas  77701
                           (409) 654-6700 - Telephone
                           (409) 838-4050 – Telecopier

                                  Lawrence Louis Germer
                                  Attorney in Charge
                                  State Bar No. 07824000
                                  e-mail: llgermer@germer.com

                                  H. Craig Hall
                                  State Bar No. 24012768
                                  e-mail: hchall@germer.com

                           **WORKMAN NYDEGGER**

                           1000 Eagle Gate Tower
                           60 East South Temple
                           Salt Lake City, Utah  84111
                           (801) 533-9800 - Telephone
                           (801) 321-1707 - Facsimile

                         By: ____/s/ Kirk R. Harris_____
                                Larry R. Laycock (Utah Bar No. A4868)
                                e-mail:  llaycock@ wnlaw.com
                                David R. Wright (Utah Bar No. A5164)
                                e-mail:  dwright@wnlaw.com
                                Charles L. Roberts (Utah Bar No. 5137)
                                e-mail:  croberts@wnlaw.com
                                Eric Maschoff (Utah Bar No. A6608)
                                e-mail:  emaschoff@wnlaw.com
                                C.J. Veverka (Utah Bar No. A7110)
                                e-mail:  cveverka@wnlaw.com
                                Kirk R. Harris (Utah Bar No. 10221)
                                e-mail:  kharris@wnlaw.com
                         Attorneys for Plaintiff FINISAR CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**HEARTFIELD & McGINNIS, LLP**
J. Thad Heartfield, Jr. (thad@heartfieldmcginnis.com)
HEARTFIELD & MCGINNIS
2195 Dowlen Road
Beaumont, Texas  77706

**JONES DAY**
Marsha E. Mullin (memullin@jonesday.com)
JONES DAY
555 West Fifth Street, Suite 4600
Los Angeles, CA 90013-1025

Michael J. Newton, Esq. (mnewton@jonesday.com)
Jones Day
2727 North Harwood Street
Dallas, Texas  75201-1515


_____/s/ Kirk R. Harris_____

J:\163131\044 Memorandum in Support of Motion.doc

## CERTIFICATE OF CONFERENCE

The parties conferred in a good faith effort to resolve this matter without court intervention. Finisar identified the improper references to DIRECTV in correspondence on Friday March 10 and again in a telephone discussion with counsel to DIRECTV on Monday March 13 (see Attached letter to counsel for DIRECTV, attached as Ex. A), and requested that DIRECTV voluntarily strike those references from the expert reports. This motion is opposed.