IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| FINISAR CORP., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 1:05-CV-264 |
| v. | § | |
| | § | |
| THE DIRECTV GROUP, INC., ET AL., | § | JUDGE RON CLARK |
| | § | |
| *Defendants.* | § | |
| | § | |

<u>**ORDER GRANTING MOTION FOR CLARIFICATION OF THE CONSTRUCTION OF THE PHRASE "downloading into a memory storage device"**</u>

Before the Court is Finisar's Motion and Memorandum for Clarification of the Construction of the Phrase "Downloading into a Memory Storage Device" [Doc. #66]. DirecTV has responded. Finisar seeks reconsideration of the Court's construction of the phrase "downloading into a memory storage device" in three of the five claims in which it appears. The argument Finisar now raises was not made in the papers filed by the parties prior to the claim construction hearing, nor was it made at the hearing itself. Nevertheless, because claim construction is a matter of law for the Court, and because the Court desires to correctly construe the disputed claim terms, Finisar's motion is granted.

**I. Background**

The court conducted a claim construction hearing on January 25, 2006. Prior to the hearing, Finisar submitted a thirty page opening claim construction brief [Doc. #35] and a twenty page reply brief [Doc. #43]. In addition, the parties submitted a Joint Claim Construction Chart on January 12, 2006 [Doc. #45]. At the hearing, the court gave both sides full opportunity to argue the disputed claim phrase. Claim Construction Hearing Transcript p. 154-165 (cited as

"TR p."). Finisar did not make the argument it now asserts in either its opening or reply brief, in its claim construction chart, or at the hearing. The Memorandum and Opinion Construing Claim terms of United States Patent No. 5,404,505 ("the `505" patent or `505) ("the Claim Construction Order") [Doc. #57] was issued February 17, 2006.

Finisar now seeks clarification of the Court's construction of the phrase "downloading into a memory storage device." The claim phrase appears in claim 1, 16, 37, 39, and 44. Finisar only seeks clarification insofar as claims 16, 39, and 44 are concerned. DirecTV objects on three separate grounds: (1) Finisar's argument is untimely; (2) Finisar's argument departs from an established canon of claim construction; and (3) the phrase is consistent with the specification and claim language.

## II. Analysis

In the Claim Construction Order, the Court construed the disputed phrase as "the data filter transfers into a memory storage device the data packets specified in the filter data." The Court's construction was based on arguments made by the parties in their papers and at the hearing regarding whether the "downloading" function is performed by the "data filter." In addressing this dispute, the parties made specific reference to claim 1 of the '505 patent. The Court ruled that the plain language of claim 1 mandates that the "downloading" function is performed by the "data filter." Hence, to resolve the dispute and ensure clarity for the ultimate fact-finder, the Court adopted the construction set forth in the Claim Construction Order.

Finisar's new argument that the Court focused solely on claim 1 and failed to consider the other claims in relation to the disputed phrase is not well-taken. Finisar's counsel actually directed the Court to the plain language of claim 1. TR. p. 160. Indeed, Finisar acknowledges in

its Motion for Clarification that the parties did not address the language of claims 16, 39 or 44 as suggesting a treatment of the disputed phrase different from its treatment for purposes of claim 1. Finisar's Motion, p. 5.

In requesting clarification, Finisar asserts that the court's construction of "downloading into a memory storage device" should not apply to claims 16, 39, and 44 because that construction is contrary to the plain language of those claims and because "this plain language has not been addressed by the parties or the Court." Finisar's Motion, p. 5.  In support of its argument, Finisar contends that the construction it now suggests comports with the specification. In the Court's view, the construction set out in the Claim Construction Order also comports with the specification, and it does not exclude preferred embodiments.

A fundamental canon of claim construction is that "the same terms appearing in different portions of the claims should be given the same meaning unless it is clear from the specification and prosecution history that the terms have different meanings at different portions of the claims." *Fin Control Systems Pty, Ltd. v. OAM, Inc.*, 265 F.3d 1311, 1318 (Fed. Cir. 2001); *but see Wilson Sporting Goods Co. v. Hillerich & Bradsby Co.*, --- F.3d ----, 2006 WL 722127 (Fed. Cir. March 23, 2006) (holding that the same word might have separate definitions in a patent, if the word has a specific modifier).

There is no indication in the specification or prosecution history that the term at issue should be given different meanings in different claims.  The parties agreed that "downloads" means "transfers."  By logical extension, "downloading" means "transferring."  The parties also agreed that what is transferred are data packets, and that the data packets are transferred to a memory device.  There is no dispute over the technical definition of the words in the claim term.

Unlike the situation in *Wilson Sporting Goods*, the disputed phrase does not have different modifiers in different claims.

Claims 1 and 37 of the '505 patent are apparatus claims, and each specifies that the subscriber station includes a "data filter that stores filter data … and that downloads into a memory storage device …" data packets that match a set of requested packets.  Hence, these claims plainly mandate that the "downloading" function is performed by the "data filter" that is part of the subscriber station.

Claims 16, 39 and 44 are method claims.  Each of these claims requires, "at each subscriber station, downloading into a memory storage device" data packets that match a set of requested packets.  Claims 16, 39 and 44 do not recite a data filter.  Dependent claims 23 and 27 do provide additional insight concerning the "downloading" function.  Claim 23 recites that the data packets are downloaded "into a memory storage device associated with said network server."  Claim 27 recites that the "subscriber station automatically downloads data packets."

The Court will construe the phrases "downloads/downloading into a memory storage device" to mean "transfers/transferring into a memory storage device the data packets specified in the filter data."  In claims 1 and 37, the "downloading" function is performed by the data filter.

IT IS THEREFORE ORDERED that Finisar's Motion and Memorandum for Clarification of the Construction of the Phrase "Downloading into a Memory Storage Device" **[Doc. #66]** is **GRANTED**.

So **ORDERED** and **SIGNED** this **28** day of **March, 2006.**

_____
Ron Clark, United States District Judge