IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| FINISAR CORP., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 1:05-CV-264 |
| v. | § | |
| | § | |
| THE DIRECTV GROUP, INC., ET AL., | § | JUDGE RON CLARK |
| | § | |
| Defendants. | § | |
| | § | |

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF CLAIMS 1, 2, 7, 9, 10, 11, AND 37

Before the court is Defendants' Motion for Summary Judgment of Invalidity of Claims 1, 2, 7, 9-11, and 37 [Doc. #68]. The court held claims 1 and 37 indefinite in its *Markman* Order. Defendants now move for summary judgment that these claims and dependent claims 2, 7, 9, 10, and 11 be held invalid. The court grants Defendants' motion.

### I. Background and Technology

Plaintiff Finisar Corp. ("Finisar") alleges that Defendants The DirecTV Group, Inc., DirecTV Holdings, LLC, DirecTV Enterprises, LLC, DirecTV Operations, LLC, DirecTV, Inc., and Hughes Network Systems, Inc. ("DirecTV") infringed on United States Patent No. 5,404,505 ("the `505 patent").

Dr. Frank Levinson is the inventor of United States Patent No. 5,404,505. The assignee is Finisar Corporation. The `505 patent describes the transfer of information, from an information database, to subscribers, upon request, through satellite transmission. In general, this involves a central supplier station sending regularly scheduled data to its subscribers via satellite. However, a portion of the available bandwidth is reserved for subscriber requested data. Here,

although that data is actually broadcast to all subscribers, only those who have requested the data will have access to it (i.e., be able to view the data). There is also the possibility of remote systems (usually local programming) sending data to subscribers.

The court conducted a *Markman* hearing and issued a Memorandum and Opinion Construing Claim terms of United States Patent No. 5,404,505 [Doc. #57] ("Mem. Op.") February 17, 2006. The court held Claims 1 and 37 to be indefinite. DirecTV now moves for the court to hold them invalid. Finisar's response suggests that the definiteness issue might be a factual one.

## II. Analysis

### A. Invalid for Indefiniteness

The law presumes a patent to be valid. It is DirecTV's burden, to prove by clear and convincing evidence, that the patent or one or more of its claims is invalid. 35 U.S.C. § 282; *Intel Corp. v. VIA Techs., Inc.*, 319 F.3d 1357, 1366 (Fed. Cir. 2003). Whether a means plus function claim of a patent is indefinite for failure to disclose a corresponding structure under 35 U.S.C. § 112(6), is a question of law. *Default Proof Credit Card Sys. v. Home Depot U.S.A., Inc.*, 412 F.3d 1291, 1298 (Fed. Cir. 2005). The Court has already held that Claims 1 and 37 are indefinite. Mem. Op. p. 8-10. Claims are invalid if they fail to meet the requirements of § 112. *See Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 296 F.3d 1106, 1114 (Fed. Cir. 2002). Because the independent claims 1 and 37 are invalid, any dependent claims are also invalid. Claims 2, 7, 9, 10, and 11 are dependent upon claim 1 and incorporate any limitations of claim 1. *See* 35 U.S.C. § 112. For the reasons set out its prior opinion, Claims 1 and 37 are indefinite. Accordingly Claims 1, 2, 7, 9, 10, 11, and 37 are invalid as a matter of law.

Finisar's response rehashes its original arguments made at the *Markman* hearing and in its supplemental briefs and motion to reconsider. To the extent Finisar is arguing that the issue of definiteness in this case is a factual one for the jury, the court disagrees.

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment of Invalidity of Claims 1, 2, 7, 9-11, and 37 **[Doc. #68]** is **GRANTED**.

So **ORDERED** and **SIGNED** this **1**  day of **May, 2006.**

_____
Ron Clark, United States District Judge