IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| FINISAR CORP., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 1:05-CV-264 |
| v. | § | |
| | § | |
| THE DIRECTV GROUP, INC., ET AL., | § | JUDGE RON CLARK |
| | § | |
| *Defendants*. | § | |
| | § | |

## **ORDER SUSTAINING DIRECTVS' OBJECTION TO DR. LARRY LEIBROCK**

Plaintiff Finisar Corporation ("Finisar") filed suit against Defendants The DirecTV Group, Inc., DirecTV Holdings, LLC, DirecTV Enterprises, LLC, DirecTV Operations, LLC, DirecTV, Inc., and Hughes Network Systems, Inc. (collectively "DirecTV or Defendants") claiming infringement of United States Patent No. 5,404,505 ("the `505 patent or `505").

DirecTV has moved to strike Finisar's expert Dr. Larry Leibrock ("Leibrock") [Doc. #94], alleging his report fails to comply with Fed. R. Civ. P. 26(a)(2).  Finisar has responded arguing that any failure under Rule 26 is harmless.  Because the report fails to comply with Rule 26, Leibrock's report is stricken.

This dispute highlights misunderstandings which surround the rules governing expert testimony.  Fed R. Civ. P. 26(a)(2) requires the proponent of opinion testimony from a retained expert to disclose not only the identity of such an expert, but a report containing:

　　1. A complete statement of all opinions to be expressed and the basis and reasons therefore;

　　2. The data or other information considered by the witness in forming the opinions;

　　3. Any exhibits to be used as a summary of or support for the opinions;

>   4.  The qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years;
>
>   5.  The compensation to be paid for the study and testimony;
>
>   6.  A list of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2). The main goals of these requirements are to accelerate the exchange of basic information, to eliminate paperwork, and to reduce costs by eliminating the need for depositions. *See* Fed. R. Civ. P. 26 Advisory Committee note (1993 Amendments).

>   This paragraph imposes an additional duty to disclose information regarding expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity *to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses. . . .*
>
>   . . . The information disclosed under the former rule . . . was frequently so sketchy and vague that it *rarely dispensed with the need to depose the expert . . . .*

Fed. R. Civ. P. 26 Advisory Committee note (1993 Amendments) (emphasis added). Advisory committee notes "do not have the force of law, but they are instructive in determining Congress's intent . . . ." *Moody Nat. Bank of Galveston v. GE Life & Annuity Assurance Co.*, 383 F.3d 249, 253 (5th Cir. 2004). The emphasized portions of the note makes it clear that it was intended that the report be complete enough so that a deposition was not needed of every single expert.

In addition to allowing evaluation of potential testimony at trial, without a deposition, an expert's report prepared in accordance with the requirements of Rule 26(a)(2), should also serve a purpose which may not have been contemplated when the rule was adopted, namely, permitting the court to evaluate the expert's testimony under Fed. R. Evid. 702 and the *Daubert-Kumho Tire* line of cases. *See Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 113 S. Ct. 2786 (1993)

and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 119 S. Ct. 1167 (1999). The format required by Fed. R. Civ. P. 26(a)(2) is not complicated, but it would normally result in a report that addresses the factors a court must consider in determining the admissibility of the opinions.

Unfortunately, a practice seems to have developed by which experts submit a bare-bones report. The opposing party routinely takes the expert's deposition, frequently after filing requests for production. Lengthy *Daubert* objections are then filed with deposition excerpts and other "evidence." Finally, a hearing is held, at which time the parties may present live testimony from experts, or may just argue from affidavits and documents which have been submitted. This prolonged procedure is contrary to the mandate that the rules of procedure "be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. The obvious purpose of the detailed expert report required by Fed. R. Civ. P. 26(a)(2) is to reduce the need for expensive and time consuming paper discovery and depositions.

The burden is on the proponent of expert testimony to establish that the testimony meets the requirements of, and is admissible under Fed. R. Evid. 702. *Mathis v. Exxon Corp.*, 302 F.3d 448, 459-60 (5th Cir. 2002). It is true that a party may waive a challenge to an unqualified expert by failing to object, or by neglecting to obtain a ruling on an objection. *See*, *e.g., Gruca v. Alpha Therapeutic Corp.*, 51 F.3d 638, 643 (7th Cir. 1995). But such cases only hold that the court should rule on the issue, and that a party may waive an objection if a ruling is not obtained. The parties have no right to, and should not expect to have, a hearing at which an expert is allowed to expound upon a skimpy, poorly written report.

In the present case, DirecTV filed an objection to Leibrock's report on the grounds that is failed to comply with Rule 26(a)(2). Finisar responded that any failure under Rule 26 was harmless to DirecTV.

Dr. Leibrock's "statement of opinions" section consists of three paragraphs outlining the testimony he will supposedly provide at the trial. He says he will describe the operation of the DirecTV system "from the subscriber's point of view." He will also describe the information available to a subscriber through the DirecTV system and describe how a subscriber may use the program guide "to access the content broadcast by the DirecTV system." In short, the witness will describe how to use a remote control to watch TV. This is not "scientific, technical, or other specialized knowledge" required under Fed. R. Evid. 702.

Finisar has not shown how this proposed testimony will "assist the trier of fact to understand the evidence." *See* Fed. R. Evid. 702. Given proper *voir dire*, the court is confident that the jurors will be astute enough to understand the operation of a remote control without testimony from an expert.

Assuming *arguendo* that what Leibrock will talk about at trial qualifies as expert opinion testimony, the report does not show how reliable principles and methods have been applied reliably to the facts of the case. *See* Fed. R. Evid. 702(2). In addition, absent a conclusory statement (paragraph 4), the report fails to give the basis and reasons which support the proposed opinions.

Finisar suggests that DirecTV dropped the ball by not taking Leibrock's deposition. This argument is unavailing, because it is Finisar's burden to establish that the expert's testimony is admissible. Rule 26 was intended to reduce the need for depositions.

Finisar asserts that any failure should be deemed harmless under Fed. R. Civ. P. 37(c)(1). First, Finisar contends Leibrock's testimony will "be of great benefit to the jury." An expert witness who will testify to matters of great importance should be properly disclosed. The failure

4

to properly disclose such a witness not harmless. If his testimony is not beneficial (i.e., if it does not assist the jury) it should be excluded.

Next, Finisar asserts Leibrock is not controversial and if DirecTV disagrees with his testimony, cross-examination at trial is available. If the testimony is "uncontroversial" how does it assist the trier of fact and why is an expert needed? While it is true that DirecTV would be able to cross-examine Leibrock at trial, this does not cure Finisar's failure to comply.

The court finds neither of these grounds support the "harmless" argument Finisar is asserting. The deadline for identifying experts and disclosing experts is past. Trial is set in June, and it is not practical to re-open disclosures and discovery deadlines. The parties have enough to do in making final trial preparations.

IT IS THEREFORE ORDERED that DirecTV's Objection to the Expert Report of Larry R. Leibrock, Ph.D. **[Doc. #94]** is **SUSTAINED**. He will not be allowed to testify as an expert.

So **ORDERED** and **SIGNED** this **1** day of **May, 2006.**

_____
Ron Clark, United States District Judge

5