IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| FINISAR CORP., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 1:05-CV-264 |
| v. | § | |
| | § | |
| THE DIRECTV GROUP, INC., ET AL., | § | JUDGE RON CLARK |
| | § | |
| Defendants. | § | |
| | § | |

**FINAL JUDGMENT**

Pursuant to Rule 58 of the Federal Rules of Civil Procedure and in accordance with the jury verdict delivered on June 23, 2006 and the Court's oral findings and conclusions entered on the record July 6, 2006, the Court hereby enters judgment for Plaintiff Finisar Corp. and against Defendants The DirecTV Group, Inc., DirecTV Holdings, LLC, DirecTV Enterprises, LLC, DirecTV Operations, LLC, DirecTV, Inc., and Hughes Network Systems, Inc. for infringement of U.S. Patent No. 5,404,505, claims 16, 17, 22, 24, 26, 39, and 44.  **IT IS THEREFORE ORDERED** that Plaintiff Finisar Corp. shall have and recover from Defendants The DirecTV Group, Inc., DirecTV Holdings, LLC, DirecTV Enterprises, LLC, DirecTV Operations, LLC, DirecTV, Inc., and Hughes Network Systems, Inc., jointly and severally, the total sum of $103,920,250.25, plus prejudgment interest at the agreed rate of 6%, calculated as stated on the record at the July 6, 2006 hearing, on the damages found by the jury, said prejudgment interest totaling $13,359,276.00, together with post judgment interest on the entire sum calculated pursuant to 28 U.S.C. § 1961.

For the reasons stated at the July 6, 2006 hearing, the Court denied Plaintiff's motion for injunctive relief and granted a compulsory license.  Defendants are hereby **ORDERED**, for the

remaining life of the `505 patent, to pay Plaintiff an ongoing royalty of $1.60 per Integrated Receiver Decoder, commonly referred to as a set top box, activated by or on behalf of or for any of the named Defendants or their present or future affiliates or subsidiaries after June 16, 2006. Royalties shall be paid quarterly accompanied by a statement in accordance with the provisions of paragraph 3.8 of the MPEG-2 Patent Portfolio License, dated February 22, 2001, granted to Hughes Network Systems, Inc.  Payments shall begin three months after the date of signing of this judgment and shall be made quarterly thereafter.  Payments not made within 14 days of the date due shall accrue interest at the rate of 10%, compounded monthly.  Finisar shall have the right to request audits in accordance with the provisions of paragraph 3.9 of said MPEG-2 Patent Portfolio License.  It is anticipated that, as sophisticated entities with experience in licensing agreements, the parties may wish to agree to more comprehensive or convenient terms. The parties shall promptly notify the court of any such agreement.  The court maintains jurisdiction to enforce this portion of the Final Judgment.

Costs are taxed against Defendants The DirecTV Group, Inc., DirecTV Holdings, LLC, DirecTV Enterprises, LLC, DirecTV Operations, LLC, DirecTV, Inc., and Hughes Network Systems, Inc. jointly and severally.  All relief not specifically granted herein is denied.  All pending motions not previously ruled on are denied.  This is a Final Judgment and is appealable.

So **ORDERED** and **SIGNED** this 7 day of **July, 2006.**

_____
Ron Clark, United States District Judge