IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| FINISAR CORP., | § § § | |
| *Plaintiff*, | § § | Civil Action No. 1:05-CV-264 |
| v. | § § | |
| THE DIRECTV GROUP, INC., ET AL., | § § | JUDGE RON CLARK |
| *Defendants*. | § § § | |

## ORDER re: PLAINTIFF'S BILL OF COSTS

Before the court is Plaintiff's Proposed Bill of Costs [Doc. #339]. Defendants have objected to a number of the requested costs. This case has been litigated heavily by both Plaintiff and Defendants for over one year. The trial lasted two weeks and both Plaintiff and Defendants obviously spent substantial time and money preparing for and trying the case.

Defendants first raise the argument that the costs submitted by Plaintiff should not be granted because Plaintiff is not the prevailing party. The court disagrees and finds that Plaintiff is the prevailing party according to Fed. R. Civ. P. 54(d). The court finds the following costs reasonable.

**A. Fees of the clerk = $250.00**

This fee is undisputed.

**B. Fees for summons and subpoena = $998.00**

This fee is undisputed.

**C. Court reporter fees = $61,870.79**

This fee is undisputed.

**D. Witness fees = $8,396.43**

28 U.S.C. § 1920(3) authorizes the taxation of costs for witness fees and 28 U.S.C. § 1821 sets the amount that is recoverable. *See Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). Under 28 U.S.C. § 1821, a party may recover attendance fees for witnesses at trial or in a deposition, and for the time necessarily occupied in going to and returning from the place of the trial or deposition, in the amount of $40.00 per day. § 1821 also allows taxation for reasonable travel, lodging, and subsistence costs for a witness during this period.

Plaintiff has requested a total of $13,043.75 in witness fees. Defendants dispute $6,350.01 of the request for two reasons: (1) the amount associated with meals and lodging exceeds the statutory cap; and (2) Plaintiff has failed to provide adequate documentation of the actual expenses. Costs not objected to are awarded.

Section 1821 references the government employee rates for travel and lodging. A government employee may collect a per diem amount or be reimbursed for the actual and necessary expenses of travel. 5 U.S.C. § 5702(a)(1). These expenses must be reasonable. Accordingly, the court will award the witnesses reasonable travel and lodging expenses, if the documentation is provided. If no documentation is provided, the witnesses will not be awarded the expenses.

Mr. Griffin's bills are sufficient and the amount requested is reasonable. However, the court will only award costs for the actual trial dates, and not for days prior to or after the trial. Accordingly, Mr. Griffin will be awarded expenses from June 12 - 23, 2006.

Mr. Napper's bills are insufficient because they simply list the word "expenses." These could include a myriad of other expenses associated with the case not recoverable under this subsection. Finisar is not entitled to the Mr. Napper's expenses.

Mr. Eaton's bills are sufficient and expenses are reasonable, except for the notary expense.

Mr. Nettleton's bills are sufficient and the amount requested for lodging is reasonable. Costs associated with the miscellaneous shipping expense is not awarded.

**E. Copy Costs = $57,542.14**

Under 28 U.S.C. § 1920(4) the issue is whether or not the copies were necessarily obtained for use in this case. The prevailing party does not need to specifically identify every xerox copy, but does need to make some demonstration that the copies were necessarily obtained for this case. *Fogleman*, 920 F.2d at 286.

Plaintiff is asking for $69,019.46 in copy costs. Defendants object to $22,896.52 of these costs. The court required the parties to put files into pdf. format for use by the court and for display to the jury. In addition, both sides used blow-ups and a limited number of demonstrative exhibits, so these costs will be awarded. However, costs associated with converting documents to searchable pdf. for production to another party, or for use by another party (namely an expert), or for use at a deposition, are not allowable under the statute. In addition, costs associated with converting video tapes are not allowed. The remaining costs are not objected to and will be awarded.

**F. Technology Synopsis = $ 0.00**

The court finds that the costs associated with the technology synopsis is not available under § 1920.

**G. Audio/Visual Trial Support = $18,225.00**

Plaintiff has requested $410,999.65 for media and audio/visual professional services. These costs include nearly two months of maintaining a "war room." The court finds that this number is excessive. However, the court will award audio/visual expenses for the trial itself. From the beginning the court stressed to all parties that they needed to agree upon an efficient method to present the case. Both sides used professional trial technicians to present nearly every aspect of the case. The court deems the technology used at this trial necessary and reasonable. *See J.T. Gibbons, Inc. v. Crawford Fitting Co.*, 760 F.2d 613, 615 (5th Cir. 1984) (per curium).

The court finds that one trial technician (Todd Frank) was reasonable during the trial. The total number of hours worked by Todd Frank during the trial, including setup/breakdown was 81 hours. His hourly rate was $225.00 per hour. Accordingly, Plaintiff is awarded $18,225.00 for audio/visual services.

## Conclusion

The total amount of Plaintiff's Bill of Costs this court finds reasonable and in accordance with 28 U.S.C. § § 1821, 1920 is **$147,282.36.**

**IT IS THEREFORE ORDERED** that Plaintiff Finisar Corporation shall recover against Defendants The DirecTV Group, Inc., DirecTV Holdings, LLC, DirecTV Enterprises, LLC, DirecTV Operations, LLC, DirecTV, Inc., and Hughes Network Systems, Inc. jointly and severally costs in the amount of **$147,282.36.**

So **ORDERED** and **SIGNED** this **3** day of **August, 2006.**

_____
Ron Clark, United States District Judge